**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **LAJERRIKA WELCH,** | ) | **CASE NO.1:12CV3108** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **LYNDSEY BISSELL, ET AL.,** | ) | <u>**OPINION AND ORDER**</u> |
| | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter is before the Court on Plaintiff's Motion for Summary Judgment Against Defendants Perez and Bissell (ECF # 23), and Defendants Adonna Perez ("Perez")(ECF # 20), Lyndsey Bissell ("Bissell") (ECF # 21) and City of Cleveland's (ECF # 22) Motions for Summary Judgment. For the following reasons, the Court denies Plaintiff's, Perez's and Bissell's Motions for Summary Judgment on Plaintiff's Fourth Amendment violation claim, grants Perez's, Bissell's and City of Cleveland's Motions on Plaintiff's Claim for Intentional Infliction of Emotional Distress and grants City of Cleveland's Motion on Plaintiff's claim for Governmental Liability.

According to Plaintiff's Complaint, on or about December 27, 2010, Plaintiff Lajerrika Welch ("Welch") was arrested outside a Cleveland nightclub for disorderly conduct and

disorderly conduct intoxication.  At the time of her arrest she was handcuffed and patted down.

Welch was then transported to the City of Cleveland jail.  Upon arrival, Welch was thrown to the

ground, struck, had her hair pulled and was thrown into a steel gate.  Welch suffered injuries due

to the alleged excessive force by Defendant Officers.  The charges against Welch were

eventually dropped.  City of Cleveland filed criminal charges against Bissell and Perez.  After a

bench trial both Perez and Bissell were found not guilty.

Welch alleges violations of her Fourth and Fourteenth Amendment right to be free from

excessive force, Intentional Infliction of Emotional Distress ("IIED") and Governmental

Liability.  Plaintiff and each separately named Defendant now move for summary judgment.

**Plaintiff's Motion for Summary Judgment**

According to Plaintiff, the evidence presented supports a finding that Defendant officers

used excessive force on her.  First, the Plaintiff offers video taken at the City of Cleveland jail

evidencing her abuse at the hands of Defendant officers.  The video purportedly shows Perez and

Bissell escorting a handcuffed Welch to an elevator.  While waiting for the elevator, Perez grabs

Welch and throws her to the ground.   Welch is then taken into the elevator.  Upon arriving at the

processing area, Perez again throws the handcuffed Welch to the ground where several officers

assist in subduing Welch.  City of Cleveland photographed Welch's injuries, which included a

number of bruises and contusions.  Welch provides a declaration wherein she states she was not

physically resisting or threatening the Officers.  She further states that both Officers used

excessive force on her causing  her injuries.  She further contends that Bissell could have

intervened to prevent her injuries but allowed Perez to abuse her.  Welch cites to City of

Cleveland's internal affairs investigation which concluded that Perez used excessive force on

2

Welch.  Finally, Welch cites to the expert report of Larry Danaher, a retired police officer, who concluded the Officers' actions constituted excessive force.

Defendants Bissell and Perez oppose Plaintiff's Motion, contending that Plaintiff's evidence is unauthenticated and inadmissible and cannot create a genuine issue of material fact as to her excessive force claim.  Defendants object to all Plaintiff's evidence submitted in support of her claims.  According to Defendants, Plaintiff's documentary and video evidence is unauthenticated and her affidavit fails to establish any elements of her claims.

**Defendant Perez's Motion for Summary Judgment**

Perez contends Plaintiff provides no admissible evidence of a constitutional violation. According to Perez, Plaintiff never conducted any discovery from her, failed to appear for a properly noticed deposition and failed to propound any interrogatories.  Therefore, she has failed to meet her burden of proof.  Perez contends she is entitled to qualified immunity because she acted reasonably under the circumstances and did not violate Plaintiff's constitutional rights. Perez further contends Welch's IIED claim is, in fact, a battery claim pled to circumvent the one year limitation period and must be dismissed.

**Defendant Bissell's Motion for Summary Judgment**

Bissell's Motion for Summary Judgment is a carbon copy of Perez's Motion and relies on the same arguments.  Neither Perez nor Bissell attach any evidence to their respective Motions other than evidence of their attempt to depose Plaintiff.  Plaintiff offered no opposition to Defendants' Motions.

**City of Cleveland's Motion for Summary Judgment**

City of Cleveland contends Welch has failed to identify a specific policy or custom responsible for her alleged constitutional injuries.  City of Cleveland further offers the declarations of Sgts. Gorsek, Merrifield and Lt. Cutlip and numerous exhibits demonstrating the training officers receive on the appropriate use of force, policies of the City of Cleveland prohibiting the use of excessive force, and the relevant Manual of Rules and Regulations prohibiting officers from engaging in any act that would violate the laws of the United States, State of Ohio and the Charter and Ordinances of the City of Cleveland.  The City has further offered General Police Order 2.1.01, demonstrating guidelines the City has in place for investigating use of force incidents.  The City offers evidence that citizen complaints concerning City of Cleveland Police Officer's use of force are reviewed by up to four different bodies and offers evidence that a complete investigation of Welch's claims was conducted and recommended her case be turned over to the City Prosecutor's office.  Lastly, City of Cleveland alleges it is immune under Ohio law from claims of intentional torts such as Plaintiff's claim for IIED.

Plaintiff has not opposed the City of Cleveland's Motion and offers no evidence supporting her claims against the City of Cleveland on her Governmental Liability claim.

## LAW AND ANALYSIS

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *See* Fed. R. Civ. P. 56(a).  The burden is on the moving party to conclusively show no genuine issue of material fact exists, *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994); and the court must view the facts and all inferences in

the light most favorable to the nonmoving party, *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  Once the movant presents evidence to meet its burden, the nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim.  *Celotex*, 477 U.S. at 324; *Lansing Dairy*, 39 F.3d at 1347.  This Court does not have the responsibility to search the record *sua sponte* for genuine issues of material fact.  *Betkerur v. Aultman Hosp. Ass'n.*, 78 F.3d 1079, 1087 (6th Cir. 1996); *Guarino v. Brookfield Township Trs.*, 980 F.2d 399, 404-06 (6th Cir. 1992).  The burden falls upon the nonmoving party to "designate specific facts or evidence in dispute," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986); and if the nonmoving party fails to make the necessary showing on an element upon which it has the burden of proof, the moving party is entitled to summary judgment.  *Celotex*, 477 U.S. at 323.   Whether summary judgment is appropriate depends upon "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Amway Distribs. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson*, 477 U.S. at 251-52).

**Qualified Immunity**

"Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982) "Qualified immunity 'is an affirmative defense that must be pleaded by a defendant official.'"  *Harlow*, 457 U.S. 800, 815 (1982).  But qualified immunity "is an immunity from suit rather than a mere defense to liability."  *Hunter v. Bryant*, 502 U.S. 224, 227

(1991) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985)).

The analysis of a qualified immunity claim is distinct from the merits of the underlying claim itself. *Saucier v. Katz*, 533 U.S. 194, 204 (2001); *Dunigan v. Noble,* 390 F.3d 486, 491 n.5 (6th Cir. 2004).  Qualified immunity is a purely legal question which must be determined early in the proceedings. *Saucier,* 533 U.S. at 200.

The defendants bear the initial burden of coming forward with facts which suggest that they were acting within the scope of their discretionary authority at the time in question. *Rich v. City of Mayfield Heights,* 955 F.2d 1092, 1095 (6th Cir. 1992).  The burden then shifts to the plaintiff to show that the defendants are not entitled to qualified immunity. *Untalan v. City of Lorain,* 430 F.3d 312, 314 (6th Cir. 2005); *Cartwright v. City of Marine City,* 336 F.3d 487, 490-491 (6th Cir. 2003).

Determining whether Defendants are entitled to qualified immunity generally requires two inquiries: (1) whether the Defendants violated one of Welch's constitutional rights, and (2) if so, whether the right was clearly established. *Phillips v. Roane County*, 534 F.3d 531, 538 (6th Cir. 2008).  A right is clearly established if "a reasonable official would understand that what he is doing violates that right." *Saucier,* 533 U.S. at 202.

Welch alleges Defendants Perez and Bissell violated her Fourth And Fourteenth Amendment rights when they used excessive force on her while she was handcuffed and not resisting or attempting to flee.   "The Fourth Amendment prohibits the use of excessive force by arresting and investigating officers." *Smoak v. Hall,* 460 F.3d 768, 783 (6th Cir. 2006).   When analyzing the reasonableness of an officer's actions courts must consider "the totality of the circumstances, including the severity of the crime at issue, whether the subject pose[d] an

immediate threat to the safety of the officers or others, and whether [the subject was] actively

resisting or attempting to evade arrest by flight.  This analysis 'contains a built-in measure of

deference to the officer's on-the-spot judgment[.]'" *Meirthew v. Amore*, 417 Fed. Appx. 494, 497

(6th Cir. 2011), quoting *Burchett v. Kiefer,* 310 F.3d 937, 944 (6th Cir. 2002).

Considering the facts in a light most favorable to nonmovants, the Court finds genuine

issues of material fact preclude summary judgment for all movants on Plaintiff's Fourth

Amendment claim.  First, considering the severity of the alleged crime resulting in Plaintiff's

arrest, the Sixth Circuit has held that a disorderly conduct charge is not a serious crime.  *See*

*Thacker v. Lawrence County,* 182 Fed. Appx. 464, 472 (6th Cir.2006) ( "[t]he crime of

disorderly conduct" generally "is not a violent or serious crime, and this fact weighs in favor of

using less force in arresting [someone for such conduct].")  Second, the video evidence shows

Plaintiff handcuffed, escorted by two female officers, awaiting the elevator into the booking area

of the Cleveland jail when she is thrown to the ground.  She is again taken to the ground, while

handcuffed, in the booking area, which was further populated with additional officers.

In *Meirthew v. Amore*, the Appellant was arrested and taken to the police station for

booking.  There, Plaintiff appeared intoxicated and was handcuffed.  A video recording captured

the events that followed.  While the level of Appellant's resistance was disputed, it was

undisputed she was taken to the ground while handcuffed, resulting in injuries.  The Sixth

Circuit upheld the district courts denial of qualified immunity.   Like the facts in *Meirthew*,

Plaintiff was handcuffed and was in the police station surrounded by officers when she was

thrown to the ground.  In light of these facts a jury could find that Defendants Perez's and

Bissell's use of force in the circumstances was excessive.  Therefore, the Court finds a genuine

issue of fact precludes finding Defendant Officers are entitled to qualified immunity on Plaintiff's excessive force claim.

Defendants challenge the evidence submitted by Plaintiff in support of summary judgment.  They further challenge the admissibility of the videotape, contending it is unauthenticated.  However, Plaintiff's counsel, Paul Cristallo, provided an affidavit representing that the videotape was provided by the City of Cleveland in discovery.  "Where a document is produced in discovery, 'there [is] sufficient circumstantial evidence to support its authenticity' at trial." *Churches of Christ in Christian Union v. Evangelical Ben. Trust,* No. C2:07CV1186 2009 WL 2146095, *5 (S.D. Ohio 2009), quoting *Denison v. Swaco Geolograph Co.,* 941 F.2d 1416, 1423 (10th Cir.1991).  The court in *Churches* subsequently found that "documents produced in response to discovery are self-authenticating ... there is no error to admit as evidence documents that Defendants themselves possess and produced in response to Plaintiff's requests for production of documents").  Defendants offer no evidence challenging the authenticity of any evidence offered by Plaintiff.[1]  Neither do they cite to any caselaw or rule requiring such evidence be excluded.

Plaintiff's declaration attests the video accurately depicts the excessive force she suffered at the hands of Perez and Bissell.  Furthermore, Defendant Officers are sued in their official and individual capacities.  Because the City of Cleveland produced the video in response to

---

[1]     Defendant officers decry Plaintiff's failure to appear for deposition and failure to conduct any discovery from them.  However, neither Plaintiff nor Defendants Perez and Bissell conducted any depositions within the Court's non-expert discovery deadline.  Defendants only noticed Plaintiff for deposition after the non- expert discovery cut-off period expired.   Thus, Defendants could not file a motion to compel, having failed to timely notice Plaintiff's deposition.

discovery requests from Plaintiff, Defendant officers, as employees of the City of Cleveland, cannot challenge the authenticity of the video, as the Court reads *Churches*, without some evidence contesting the authenticity.

Defendants further contend that Plaintiff's declaration fails to support any of the elements of her causes of action, fails to identify Defendants by their full names, fails to identify when the alleged violation of her rights occurred and fails to demonstrate a genuine issue of fact that she was resisting arrest at the time the Defendant officers applied force. The Court finds none of these arguments prevailing. Plaintiff's declaration declares she was at Scripts Nightclub in Cleveland on December 27, 2010. She then states she was arrested and taken into custody by police from the City of Cleveland. She states she was handcuffed and thrown to the ground by Officers Perez and Bissell. A fair reading of Welch's declaration clearly supports that the events described took place on December 27, 2010, while she was in the custody of the Cleveland Police Department. While Welch fails to specifically use Defendants Perez and Bissells' first names in her declaration, Defendants' own declarations confirm they transported and used force on Welch on December 27, 2010.

Welch further declares that "While I was handcuffed and in custody, I was not a flight risk or a risk of inflicting harm. I was upset with how I was being treated but was not resisting arrest such that I deserved to be injured." (Welch declaration para. 8). Perez and Bissell submit their own declarations stating that Welch was actively resisting arrest and the use of force was necessary because Welch posed a threat to Perez's and Bissell's safety. Defendants contend Welch's qualifying language that she "was not resisting arrest such that she deserved to be injured" is insufficient to create an issue of fact for the jury because it does not deny she was

resisting arrest.  However, the Sixth Circuit has expressly held "it is unreasonable to use significant force on a restrained subject, even if some level of passive resistance is presented." *Meirthew,* 417 Fed. Appx at 499.  Plaintiff attesting that she was handcuffed and in custody when Defendant Officers applied force, resulting in her injuries, especially when considered against the backdrop of the video evidence, is enough to create an issue of fact for the jury.  For these reasons, the Court holds it may consider the videotape and Plaintiff's declaration and these support the Court's conclusion that genuine issues of material fact preclude summary judgment on Plaintiff's excessive force claim.

The Court agrees with Defendants that Plaintiff's IIED claim fails because it is based on an alleged battery by Officers Perez and Bissell, which occurred on December 27, 2010.  In Ohio, a claim of battery carries a one year statute of limitations.  Ohio Revised Code § 2305.111(B). An IIED claim is generally subject to a four year statute of limitation.  However, when the acts supporting the claim more appropriately support another tort, that tort's statute of limitation applies.  *Love v. Port Clinton,* (1988) 37 Ohio St.3d 98.  See also *Hambleton v. R.G. Barry Corp.* (1984), 12 Ohio St.3d 179, 183.  Here, Plaintiff's IIED claim relies on the same facts supporting her excessive force claim -i.e. that Defendant officers used excessive force on her while she was handcuffed.  Because these facts more appropriately describe a battery, the one year limitation period applies.  Plaintiff filed her claim on December 26, 2012, almost two years after the alleged incident occurred.  Therefore, Plaintiff's IIED claim was brought nearly one year after the expiration of the statute of limitation period and the Court grants Defendants'

10

Motions for Summary Judgment on Plaintiff's IIED claim.[2]

Finally, the City of Cleveland's Motion for Summary Judgment on Welch's claim for Governmental Liability is granted as unopposed.  As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability.  *See Monell v. Department of Soc. Servs.*, 436 U.S. 658, 691(1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694.  A municipality can therefore be held liable when it unconstitutionally "implements or executes a policy statement, ordinance, regulation, or decision officially adopted by that body's officers." *Id.* at 690; *Graham v. County of Washtenaw*, 358 F.3d 377, 382 (6th Cir.2004).  Plaintiffs must prove two basic elements: (1) that a constitutional violation occurred; and (2) that the City of Cleveland is responsible for that violation. *Id.*  Respecting this second element, "[a] Plaintiff ... must 'identify the policy, connect the policy to [City of Cleveland] and show that the particular injury was incurred because of the execution of that policy.' " *Id.* at 383 (quoting *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir.1994)).  Plaintiffs must show that the municipality's policy (or lack thereof) was a "moving force" in the deprivation of Plaintiff's

---

[2]  Even if the Court were to apply the four year limitation period for Plaintiff's IIED claim, summary judgment would still be warranted because under Ohio law "self-serving testimony alone is insufficient to substantiate a claim for emotional distress." *Radcliff v. Steen Elec., Inc.* 164 Ohio App.3d 161, 175, 841 N.E.2d 794, 805 (Ohio App. 9 Dist.,2005).  Plaintiff's only evidence of IIED is a single statement in her declaration that "as a result of Officer Bissell and Perez's physical abuse and how they treated me, I had nightmares and a great amount of stress and anxiety." (Welch declaration para. 9).

rights. *See Doe v. Claiborne County, Tennessee*, 103 F.3d 495, 508 (6th Cir.1996).

Also, Plaintiff alleges City of Cleveland failed to adequately discipline, train, supervise or otherwise correct the pattern of Bissell and Perez's unconstitutional conduct.  In order to establish a claim for municipal liability for failure to train or supervise police officers, a plaintiff must demonstrate: "(1) training or supervision that was inadequate under the circumstances; (2) the municipality's deliberate indifference; and (3) a causal link between the municipality's failure to train or supervise and the alleged constitutional violation. *Ellis v. Cleveland Mun. Sch. Dist.,* 455 F.3d 690, 700 (6th Cir.2006).  In response to City of Cleveland's evidence, demonstrating its policies and procedures on the use of force, its training on the use of force, it policies and rules prohibiting the use of excessive force and its evidence that the Defendant Officers were investigated and the evidence was turned over to the City Prosecutor's Office, Plaintiff offers nothing.  Plaintiff failed to oppose Defendant's Motion for Summary Judgment, failed to connect a particular policy, pattern or practice to her injury and failed to show with any evidence, competent or otherwise, inadequate supervision, deliberate indifference or inadequate discipline on the part of City of Cleveland which caused Plaintiff's injuries.  Therefore, the Court grants the City of Cleveland's Motion for Summary Judgment on Count Three of Plaintiff's Complaint for Governmental liability.

Therefore, for the foregoing reasons, the Court DENIES Plaintiff's Motion for Summary Judgment, DENIES Defendants Bissell's and Perez's Motions for Summary Judgment on Plaintiff's excessive force claim, GRANTS Defendants Bissell's and Perez's Motion for Summary Judgment on Plaintiff's Intentional Infliction of Emotional Distress claim and GRANTS the City of Cleveland's Motion for Summary Judgment on Plaintiff's Monell and

12

Intentional Infliction of Emotional Distress claims.

IT IS SO ORDERED.


s/ Christopher A. Boyko
CHRISTOPHER A. BOYKO
United States District Judge

Dated:  December 11, 2013

13